**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re ROYALTY PROPERTIES, LLC   )
                                )  No. 19-07692
                                )
              Debtor.           )
                                )
                                )
                                )

## NOTICE OF MOTION

**TO:**   John H. Redfield
          Crane, Simon, Clar & Dan
          135 S. LaSalle St., Suite 3705
          Chicago, IL 60603-4297
          jredfield@cranesimon.com

**PLEASE TAKE NOTICE** that on **July 17, 2019** at **1:00 PM**, counsel for Secured Creditor, the Forest Preserve District of Cook County, shall appear before the Honorable Bankruptcy Judge Jacqueline P. Cox or any other judge sitting in her stead, in Courtroom 680 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the accompanying *Motion to Strike, Exclude Witnesses & Limit Testimony*.

                                                   **FOREST PRESERVE DISTRICT
                                                   OF COOK COUNTY**,

                                                   By: s/Christopher Carmichael
                                                         One of its Attorneys

Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60604
Tel.: (312) 262-2900
ccarmichael@henderson-parks.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re ROYALTY PROPERTIES, LLC | ) |
| | ) No. 19-07692 |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| | ) |
| | ) |

**MOTION TO STRIKE AFFIDAVIT, EXCLUDE WITNESSES,
AND LIMIT TESTIMONY**

Secured Creditor, the Forest Preserve District of Cook County, moves, pursuant to Bankruptcy Rule of Procedure 9014, Federal Rule of Civil Procedure 37, and Federal Rule of Evidence 104 and 702, to: (1) strike the conclusory affidavit of Walter Fuqua that Debtor filed in connection with a reply brief; (2) preclude Debtor from calling Mr. Fuqua as a witness because Mr. Fuqua has evaded two subpoenas; (3) preclude Debtor from calling anyone affiliated with AG Green Farms because both AG Green Farms and Bobby Whalen refused to comply with subpoenas; (4) and preclude Debtor from referencing or eliciting testimony on the subject of organic farming because Debtor refused to disclose that information. In support of this motion, the Secured Creditor states as follows:

**Background**

1. This Court approved the Secured Creditor's efforts to discover information about Debtor's plan of reorganization. (Dkt. 29.)

2. Secured creditor served discovery on Debtor, including requests for:

- Any documents or correspondence about growing hemp on Horizon Farms, including drafts of agreements or letters of intent.

- Correspondence and documentation related to the plan of reorganization, which is based on growing hemp.

- Correspondence and documentation about organic certification of Horizon Farms.

(*See* **Exhibit 1**.)

3. Debtor filed two motions attaching agreements that Debtor purportedly executed to grow hemp (or assist in growing hemp) on Horizon Farms with AG Green Farms and Tyke Nichols. (Dkts. 55 and 56.)

4. Debtor produced no correspondence or documentation exchanged with either AG Green Farms or Tyke Nichols, other than the contracts attached to its filings. Nor did Debtor produce documentation from Walter Fuqua, the consultant affiliated with AG Green Farms.

5. After Secured Creditor moved to compel (Dkt. 57) and made repeated requests for documentation, on June 11, 2019, Debtor produced four emails with AG Green Farms.

6. On June 29, 2019, Debtor produced two emails with Mr. Fuqua.

7. Debtor has not produced anything else exchanged with either AG Green Farms or Mr. Fuqua. Debtor's production of a half-dozen communications is inconsistent with signing a contract with AG Green Farms for what Mr. Fuqua describes as a deal "conservatively" worth $120,000,000. Million-dollar agreements do not arrive out of thin air.

8. Debtor has also not produced all the documentation and correspondence about the application for certifying the land as organic.

9. Due to Debtor's lack of cooperation, on June 4, 2019, Secured Creditor issued subpoenas to AG Green Farms (and its principal Bobby Whalen) and to Walter Fuqua on June 7, 2019. (**Exhibits 1**, **2**, and **3**, Subpoenas.)

10. Fuqua refused the subpoena, and AG Green Farms and Whalen did likewise. (**Exhibit 4**, No Service/Returns.)

11. Then, on June 26, 2019, Debtor filed a reply in support of its Rule 59 Motion to Alter or Amend, attaching an affidavit from Mr. Fuqua. (Dkt. 71.)

12. Debtor argues that the affidavit of Mr. Fuqua, dated **June 24**, 2019, should provide a basis for this Court to reconsider the **May 17**, 2019 ruling.

13. Secured Creditor re-issued subpoenas for Fuqua, AG Green Farms, and Whalen. (**Exhibits 5**, **6**, and **7**.)

14. A process server was finally able to serve Whalen and AG Green Farms. (**Exhibit 8**, Proof of Service.)

15. Mr. Fuqua, however, stated that he was traveling through July 18th and would not provide his location for service. (**Exhibit 9**, B. Starr Affidavit.)

16. Mr. Fuqua also said that, even if served, he would not produce documents because he was traveling until after July 18th. (*Id.*)

17. On July 1st, after Mr. Fuqua claimed that he was unavailable for service and could not access documents for production, Mr. Fuqua supplied yet another affidavit to the Debtor. (*See* Dkt. 73-1.)

18. The other subpoena recipients, AG Green Farms and Bobby Whalen, both did not produce the documents required to be produced by July 11, 2019 in response to the subpoenas. (*See* **Exhibits 6** and **7**.)

19. In addition, Debtor's other contract partner, Tyke Nichols, is purportedly being represented by one of the Debtor's principals, Richard Cannon. (**Exhibit 10**, Email.)

## Argument

20. Debtor is a single-asset real estate entity whose sole business was and is leasing real estate to a related entity for no money.

21. Debtor's plan of reorganization relies on Debtor's intention to enter *the entirely new business* of growing hemp on part of Horizon Farms.

22. Debtor, however, refused to provide full disclosure about this new business, repeatedly contending that information is confidential.

23. Debtor's contract partners have also made themselves unavailable to Secured Creditor, yet made themselves accessible and provided information to the Debtor.

24. Debtor is even using one of its principals to act as attorney for a subpoena recipient to inhibit the discovery process.

25. Debtor's conduct prevented the opposing party from obtaining information critical to the assertions made by the Debtor.

A.  **The New Affidavit Attached To Debtor's Reply Should Be Stricken**.

26.  A Rule 59 motion does not provide Debtor an opportunity to re-do the hearing by submitting new testimony after the fact. *See In re Gleason*, Chapter 11, No. 01 B 14730, 2001 Bankr. LEXIS 1878, at *3-4 (Bankr. N.D. Ill. Dec. 20, 2001) ("Rule 59(e) is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (citation omitted).

27.  Debtor could have called an expert at the hearing, but chose not to do so. Debtor cannot submit a new affidavit over a month after the hearing to try to overturn an adverse ruling. *Id*. ("Rule 59 does not allow a party one automatic opportunity to fix its own procedural failures, nor does it allow a party to introduce new evidence that it could have or should have presented prior to the judgment.").

28.  Debtor's submission of the affidavit in reply is improper because new matters are not to be introduced on reply and Secured Creditor had no opportunity to obtain information from the affiant or test his assumptions. *See In re JII Liquidating, Inc.*, 344 B.R. 875, 886 n.14 (Bankr. N.D. Ill. 2006) (disregarding new assertions because "[i]t is improper to present new arguments in a closing brief" and "arguments not raised in a timely fashion are waived").

29.  The arguments in the reply based on that affidavit should be stricken or disregarded.

B.  **Fuqua Is Not An Expert And His Testimony Should Be Precluded**.

30.  Furthermore, Mr. Fuqua's affidavit should be disregarded because the

affidavits do not establish that he is an expert. *See In re SSK Partners Ltd. liability Co.*, No. 11-bk-49091, 2012 Bankr. LEXIS 4896, at *16 (Bankr. N.D. Ill. Oct. 12, 2012) ("The court exercises its authority to exclude or disregard Harris's evidence in this regard, as the evidence does not meet the standards of reliability.").

31. Generally, a person must be qualified as an expert in order to provide an expert opinion. As Federal Rule of Evidence 702, explains, a person must have the requisite "knowledge, skill, experience, training, or education" in the requisite subject matter to testify as an expert. FED. R. EVID. 702.

32. Here, Mr. Fuqua purports to be an expert in all things hemp. Mr. Fuqua's prior experience is principally in mining. (*See* **Exhibit 11**, Resume.) Mr. Fuqua's principal experience with hemp farming is vaguely referenced as having come from Southeast Asia. (*Id.*) Mr. Fuqua asserts that he has been "involved" with hemp for "forty years" in Asia, Australia, and Mexico. (*See* **Exhibit 12**, Affidavits.)

33. Mr. Fuqua's purported experience and knowledge is stated in conclusory terms without specifics. For example, there are no graduation dates, or names of degrees conferred (*i.e.*, B.A., B.S., M.S.)

34. Likewise, Mr. Fuqua's general reference to growing hemp on two continents and in another country do not provide details to evaluate what that work entailed. In sum, Mr. Fuqua asserts, in conclusory terms, that he has experience. But, a bald assertion by Mr. Fuqua that he is an expert is not sufficient to establish that Mr. Fuqua is really an expert.

35.     Even if Mr. Fuqua could overcome the issue with his qualifications and purported expertise, his testimony would be inadmissible because it is not "based upon sufficient facts or data," nor was it "the product of reliable principles and methods." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) (holding that Rule 702 "imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'").

36.     Mr. Fuqua offers no analysis, only conclusions, like his $120,000,000 figure. *Connolly v. Harris Trust Co. of Cal.*, 241 B.R. 729, (Bankr. D. Colo. 1999) (finding expert offering "a relatively perfunctory analysis" was of value to the court). He does not explain how he arrived at that figure, what was consulted, or any other information for the Court to evaluate the basis or reliability.

37.     Mr. Fuqua expresses disdain for knowledgeable experts from the United States, including Dr. Phippen, while touting himself as a know-it-all. Yet, to be admissible, Mr. Fuqua's testimony must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

38.     Mr. Fuqua's testimony employs no discernable intellectual rigor, and his disdain for knowledgeable experts in the field demonstrates that he lacks any such rigor.

39.     Finally, Mr. Fuqua's testimony should not be considered because he is self-interested. *Connolly v. Harris Trust Co. of Cal.*, 241 B.R. 729, (Bankr. D. Colo.

1999) (finding expert's "opinions are wholly self-serving and reflective of the self-interest of these experts" in obtaining payment). Mr. Fuqua has an arrangement with the Debtor that is contingent on the crop continuing to grow.

40. Because Mr. Fuqua does not qualify as expert, his affidavits should be disregarded and he should be precluded from testifying in this forum.

### B. Fuqua's Testimony Should be Precluded.

41. The Debtor should be precluded from calling Mr. Fuqua as a witness at the July 17th hearing because of Mr. Fuqua's efforts to avoid Secured Creditor's subpoena and unwillingness to provide any documentation that could be used to test his numerous conclusions.

42. Mr. Fuqua has no formal education related to agriculture, and his prior work experience is in mining outside the United States. Although Mr. Fuqua purports to have experience growing hemp, there is no way to verify Mr. Fuqua's assertions because Mr. Fuqua evaded the subpoenas issued to him.

43. For example, Mr. Fuqua purports to be working with eight Illinois farmers growing hemp. But, as established by the credible testimony of Dr. Phippen, there were only two hemp licenses granted last year and Mr. Fuqua was involved with neither. If Mr. Fuqua is working with *new* licensed hemp growers in Illinois, that is something that should be disclosed in discovery. *See In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). ("The scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted.").

44. Mr. Fuqua is clearly under the control of the Debtor. He submitted two different affidavits to bolster Debtor's case.

45. The effort to make Mr. Fuqua unavailable and prevent the opposing party from obtaining information from him prior to the hearing should result in the preclusion of any testimony. *See Herzog v. PriceWaterhouseCoopers, LLP*, Nos. 03 B 04959, 05 A 00479, 2009 Bankr. LEXIS 1259, at *11 (Bankr. N.D. Ill. June 5, 2009) (holding, in the context of Rule 26, that "[e]xclusion of evidence that was not disclosed is mandatory unless the party failing to make disclosures can show that the its violation was justified or harmless.").

46. Debtor cannot make its expert unavailable for discovery in order to surprise the other side with unknown testimony and assertions at an evidentiary hearing.

47. In the interest of fairness, other courts have precluded witnesses that were unavailable for deposition from testifying. *See Johnson v. City of Rockford*, No. 15 CV 50064, 2016 U.S. Dist. LEXIS 182433, at *26 (N.D. Ill. Dec. 27, 2016) ("In the interest of fairness and pursuant to this Court's inherent power, it will be this Court's Report and Recommendation that Defendants' Motion to Bar be granted and Lonnie Young and Toni Gulley will be barred from testifying live at trial, unless Defendants are provided with the opportunity to depose these witnesses before trial and Plaintiffs' seek to present their live testimony.").

48. Like the witnesses in *Johnson*, Mr. Fuqua should be precluded from testifying because he was made unavailable for deposition, and refused to produce

documents.

C. **AG Green Farms Should Not Be Allowed To Testify**.

49. The Debtor should be precluded from anyone affiliated with AG Green Farms as a witness at the July 17th hearing because both AG Green Farms and Mr. Whalen have not complied with Secured Creditor's subpoenas.

50. AG Green Farms is purportedly providing the backing for this new hemp farm venture, but both it and its principal refused to comply with a subpoena issued to them.

51. As in *Johnson*, and in the interest of fairness, anyone affiliated with AG Green Farms should be precluded from testifying. 2016 U.S. Dist. LEXIS 182433, at *26.

D. **No Evidence Regarding Organic Farming Should Be Allowed**.

52. Secured Creditor sought information about Debtor's purported effort to have the farm certified as organic, but Debtor refused to provide correspondence about certifying the property as organic.

53. The organic certification process ordinarily takes years, and Debtor's contract requires organic hemp.

54. Debtor's principal, however, claimed that the process can be done this year without any corroboration.

55. Because Debtor refuses to provide information about the organic certification, Debtor should not be able to offer statements or assertions about that process or the organic certification of the property.

**WHEREFORE**, Secured Creditor, the Forest Preserve District of Cook County, respectfully requests that this Court:  (1) strike or disregard Debtor's newly submitted affidavit(s) of Walter Fuqua and any arguments in Debtor's reply (Dkt. 71) relying on those affidavits; (2) preclude Walter Fuqua from testifying at the July 17, 2019 hearing; (3) bar anyone affiliated with AG Green Farms, including Bobby Whalen, from testifying at the July 17, 2019 hearing; (4) preclude Debtor from making any assertions about efforts to certify the farm as organic; and (5) grant such other and further relief as deemed just and proper under the circumstances.

                Respectfully submitted,

                **FOREST PRESERVE DISTRICT OF COOK COUNTY**,

                By: s/Christopher Carmichael
                    One of its Attorneys

Victor P. Henderson
Christopher W. Carmichael
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60604
Tel.: (312) 262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on **July 12, 2019**, a copy of the foregoing **Motion to Strike Affidavit, Exclude Witnesses, and Limit Testimony** was filed via the Northern District of Illinois Bankruptcy Court's ECF system and served upon all parties that have registered to receive ECF notice in this bankruptcy case.

/s/ Christopher Carmichael