# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____  District of _____ Illinois _____

In re  Royalty Properties, LLC
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
                    Plaintiff

                    v.

_____
                    Defendant

Case No. _____ 19-07692 _____

Chapter _____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  AG Green Farms, LLC, 22 W. Ontario St. Suite 400, Chicago, IL 60654 _____
                        *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All the documents listed on the attached subpoena rider.

| PLACE | DATE AND TIME | |
|---|---|---|
| Henderson Parks, LLC, 140 S. Dearborn St., Suite 2010, Chicago, IL 60603 | 06/11/19 | 11:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/04/19 _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

                OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Forest Preserve District of Cook County,  who issues or requests this subpoena, are:
Christopher Carmichael, Henderson Parks, LLC, 140 S. Dearborn St., Suite 1020, Chicago IL 60603 (312) 262-2900

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: by United States certified mail

_____ 7019 0700 0000 9639 4267 _____

_____ on *(date)* ___June 4, 2019___ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___06/04/19___

_Cheryl Leon-Roche_
                                                *Server's signature*

OHERYL LEON-ROCHE
                                                *Printed name and title*

_____
                                                *Server's address*

Additional information concerning attempted service, etc.:

## Subpoena Rider

1. Correspondence with Meryl Squires Cannon or Royalty Properties about growing hemp in Barrington Hills, IL.

2. Documents about growing hemp in connection with Royalty Properties.

3. Agreements or drafts of agreements about growing hemp with Royalty Properties.

4. Documents reflecting the formation and ownership of AG Green Farms, LLC, including any authorization to transact business in Illinois.

5. Documents reflecting the history of AG Green Farms, LLC, including the length of time it has been in business and in the hemp growing business.

6. Documents reflecting your prior experience growing hemp.

7. Documents reflecting the source of any goods, materials, equipment, or services being offered or provided to Royalty Properties in connection with growing hemp, such as seeds, plants, or advice.

8. Documents reflecting the location and types of hemp related materials for hemp crops you possess, such as seeds.

9. Documents reflecting the source and location of any funds or financial assistance being offered in connection with any agreement(s) with Royalty Properties, including the names of persons or institutions where the funds are located and the amounts.

10. Documents reflecting your employees and their professional and educational backgrounds with hemp, including resumes or CVs.

11. Documents reflecting third-party certification or verifications of any of your employees' work related to hemp-growing.

12. Documents reflecting your knowledge and experience with hemp growing regulations and laws in Illinois and federally.

13. Correspondence and documents exchanged with Royalty Properties or Meryl Squires Canon about organic growing, certified organic, and organic requirements.

14. Correspondence about the Royalty Properties, LLC bankruptcy, plan of reorganization, or state court foreclosure proceeding.

# EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Illinois_____

In re  Royalty Properties, LLC
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. _____19-07692_____

Chapter _____11_____

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Bobby Whalen, 22 W. Ontario St., Unit 4, Chicago, IL 60654
_(Name of person to whom the subpoena is directed)_

■ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All the documents listed on the attached subpoena rider.

| PLACE | DATE AND TIME | |
|---|---|---|
| Henderson Parks, LLC, 140 S. Dearborn St., Suite 2010, Chicago, IL 60603 | 06/11/19 | 11:00 am |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/04/19

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Forest Preserve District of Cook County,  who issues or requests this subpoena, are:
Christopher Carmichael, Henderson Parks, LLC, 140 S. Dearborn St., Suite 1020, Chicago IL 60603 (312) 262-2900

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: by United States certified mail

_____ 7019 0700 0000 9639 4243 _____

_____ on *(date)* June 4, 2019 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ____06/04/19____

*Cheryl Leon-Roche*
*Server's signature*

*CHERYL LEON-ROCHE*
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Subpoena Rider

1. Correspondence with Meryl Squires Cannon or Royalty Properties about growing hemp in Barrington Hills, IL.

2. Documents about growing hemp in connection with Royalty Properties.

3. Agreements or drafts of agreements about growing hemp with Royalty Properties.

4. Documents reflecting the formation and ownership of AG Green Farms, LLC, including any authorization to transact business in Illinois.

5. Documents reflecting the history of AG Green Farms, LLC, including the length of time it has been in business and in the hemp growing business.

6. Documents reflecting your prior experience growing hemp.

7. Documents reflecting the source of any goods, materials, equipment, or services being offered or provided to Royalty Properties in connection with growing hemp, such as seeds, plants, or advice.

8. Documents reflecting the location and types of hemp related materials for hemp crops you possess, such as seeds.

9. Documents reflecting the source and location of any funds or financial assistance being offered in connection with any agreement(s) with Royalty Properties, including the names of persons or institutions where the funds are located and the amounts.

10. Documents reflecting your employees and their professional and educational backgrounds with hemp, including resumes or CVs.

11. Documents reflecting third-party certification or verifications of any of your employees' work related to hemp-growing.

12. Documents reflecting your knowledge and experience with hemp growing regulations and laws in Illinois and federally.

13. Correspondence and documents exchanged with Royalty Properties or Meryl Squires Canon about organic growing, certified organic, and organic requirements.

14. Correspondence about the Royalty Properties, LLC bankruptcy, plan of reorganization, or state court foreclosure proceeding.

# EXHIBIT 3

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| Northern | District of | Illinois |
|---|---|---|

In re  Royalty Properties, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. _____19-07692_____

Chapter _____11_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Walter B. Fuqua, P.O. Box 3505, Corrales, NM 87048
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: (1) Correspondence with Royalty Properties/Meryl Squires Cannon or about Horizon Farm, 311 Algonquin Rd, Barrington Hills, IL; and (2) Documents reflecting the locations in the Midwest or Illinois where you have grown hemp.

| PLACE | DATE AND TIME | |
|---|---|---|
| Henderson Parks, LLC, 140 S. Dearborn St., Suite 2010, Chicago, IL 60603 | 06/17/19 | 11:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/07/19
_____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Forest Preserve District of Cook County,  who issues or requests this subpoena, are:
Christopher Carmichael, Henderson Parks, LLC, 140 S. Dearborn St., Suite 1020, Chicago IL 60603 (312) 262-2900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: by United States certified mail

_____

_____ on *(date)*   June 7, 2019   ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____06/07/19_____

*Cheryl Leon-Roche* (signature)

_____
*Server's signature*

Cheryl Leon-Roche
_____
*Printed name and title*

Henderson Parks, LLC
140 S. Dearborn St., Ste. 1020, Chicago, IL 60603
_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT 4





**on Parks**
LLC
ding
n, Suite 1020

armichael

7019 0700 0000 9639 4243

Bobby Whalen
22 W Ontario Street – Unit 4
Chicago IL 6

NIXIE        601    DE 1              0006/28/19
RETURN TO SENDER
VACANT
UNABLE TO FORWARD
BC: 60603520370    *0461-10654-04-45

VAC
60654-510004

---





**son Parks**
, LLC
uilding
orn, Suite 1020
3
Carmichael

7019 0700 0000 9639 4267

AG Green Farms, LLC
22 W Ontario Street – Suite 400
Chicago IL

NIXIE        601    CE 1              8606/28/19
RETURN TO SENDER
VACANT
UNABLE TO FORWARD
BC: 60603520370    *1361-10959-04-46

VAC.
60654-510959

---



**son Parks**
LLC
ding
n, Suite 1020

armichael

7019 0700 0000 9639 4281





WALTER B FUQUA
PO BOX 3505
CORRALES N

NIXIE        871    DE 1              0007/05/19
RETURN TO SENDER

# EXHIBIT 5

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of _____ Illinois

In re  Royalty Properties, LLC
_____
Debtor

Case No. ___19-07692___

*(Complete if issued in an adversary proceeding)*

Chapter ___11___

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Walter B. Fuqua
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents requested on the attached Rider.

| PLACE | DATE AND TIME |
|---|---|
| Henderson Parks, LLC, 140 S. Dearborn St., Suite 2010, Chicago, IL 60603 | 07/11/19          11:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___06/27/19___

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Forest Preserve District of Cook County, who issues or requests this subpoena, are:
Christopher Carmichael, Henderson Parks, LLC, 140 S. Dearborn St., Suite 1020, Chicago IL 60603 (312) 262-2900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Subpoena Rider

1. Any correspondence with Meryl Squires Cannon, John Redfield, Richard Cannon, Bob Whalen, AG Green Farms, or Royalty Properties about growing hemp in Barrington Hills, IL.

2. All documents about growing hemp in connection with Royalty Properties, including any documents provided to you by Meryl Squires Cannon, John Redfield, Richard Cannon, Bob Whalen, AG Green Farms, or Royalty Properties, or that you provided to them.

3. Agreements or drafts of agreements with Royalty Properties Meryl Squires Cannon, John Redfield, Richard Cannon, Bob Whalen, AG Green Farms, or Royalty Properties related to growing hemp in Barrington Hills, IL.

4. All documents reflecting any financial arrangements, including compensation, you have with Meryl Squires Cannon, John Redfield, Richard Cannon, Bob Whalen, AG Green Farms, or Royalty Properties.

5. Correspondence and documents reflecting the eight Illinois farms where you have grown hemp or worked with farmers growing hemp, including any documents reflecting the dates you worked with them, the identity of each of the eight farmers, and contact information.

6. Documents reflecting any farming activities you have had in Illinois.

7. Documents reflecting the number of times you have visited the land for the proposed hemp farming in Barrington Hills, IL.

8. Documents reflecting any instance where you testified in court, including the dates of the testimony, the location of the court, the case name, and, if available, the transcript from the proceeding.

9. All correspondence and documents you have about organic growing, certified organic, and organic requirements in connection with growing hemp in Barrington Hills, IL.

10. All correspondence and information you have about Royalty Properties' bankruptcy, plan of reorganization, or state court foreclosure proceeding.

# EXHIBIT 6

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of _____ Illinois _____

In re __Royalty Properties, LLC__
              Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____19-07692____

Chapter ___11___

_____
      Plaintiff
       v.

Adv. Proc. No. _____

_____
     Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _AG Green Farms, LLC, 22 W. Ontario Street, Suite 400, Chicago, Illinois 60654_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Henderson Parks, LLC, 140 S. Dearborn Street, Suite 1020, Chicago, IL 60603 | July 10, 2019    11:00 a.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 25, 2019__

              CLERK OF COURT

                              OR

_____         _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Subpoena Rider

1. Correspondence with Meryl Squires Cannon or Royalty Properties about growing hemp in Barrington Hills, IL.

2. Documents about growing hemp in connection with Royalty Properties.

3. Agreements or drafts of agreements about growing hemp with Royalty Properties.

4. Documents reflecting the formation and ownership of AG Green Farms, LLC, including any authorization to transact business in Illinois.

5. Documents reflecting the history of AG Green Farms, LLC, including the length of time it has been in business and in the hemp growing business.

6. Documents reflecting your prior experience growing hemp.

7. Documents reflecting the source of any goods, materials, equipment, or services being offered or provided to Royalty Properties in connection with growing hemp, such as seeds, plants, or advice.

8. Documents reflecting the location and types of hemp related materials for hemp crops you possess, such as seeds.

9. Documents reflecting the source and location of any funds or financial assistance being offered in connection with any agreement(s) with Royalty Properties, including the names of persons or institutions where the funds are located and the amounts.

10. Documents reflecting your employees and their professional and educational backgrounds with hemp, including resumes or CVs.

11. Documents reflecting third-party certification or verifications of any of your employees' work related to hemp-growing.

12. Documents reflecting your knowledge and experience with hemp growing regulations and laws in Illinois and federally.

13. Correspondence and documents exchanged with Royalty Properties or Meryl Squires Canon about organic growing, certified organic, and organic requirements.

14. Correspondence about the Royalty Properties, LLC bankruptcy, plan of reorganization, or state court foreclosure proceeding.

# EXHIBIT 7

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of _____ Illinois _____

In re __Royalty Properties, LLC__ .
                Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____19-07692____

Chapter ____11____

_____
            Plaintiff

v.

Adv. Proc. No. _____

_____
           Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Bobby Whalen, 22 W. Ontario Street, Unit 4, Chicago, Illinois 60654__
                  *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Henderson Pars, LLC, 140 S. Dearborn St., Suite 1020, Chicago, IL 60603 | July 10, 2019   11:00 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 25, 2019__

           CLERK OF COURT

                              OR

_____                _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Forest Preserve District of Cook County__, who issues or requests this subpoena, are:

__Christopher W. Carmichael, Henderson Parks, LLC, 140 S. Dearborn Street, Suite 1020, Chicago, Illinois 60603 (312) 262-2900__

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Subpoena Rider

1. Correspondence with Meryl Squires Cannon or Royalty Properties about growing hemp in Barrington Hills, IL.

2. Documents about growing hemp in connection with Royalty Properties.

3. Agreements or drafts of agreements about growing hemp with Royalty Properties.

4. Documents reflecting the formation and ownership of AG Green Farms, LLC, including any authorization to transact business in Illinois.

5. Documents reflecting the history of AG Green Farms, LLC, including the length of time it has been in business and in the hemp growing business.

6. Documents reflecting your prior experience growing hemp.

7. Documents reflecting the source of any goods, materials, equipment, or services being offered or provided to Royalty Properties in connection with growing hemp, such as seeds, plants, or advice.

8. Documents reflecting the location and types of hemp related materials for hemp crops you possess, such as seeds.

9. Documents reflecting the source and location of any funds or financial assistance being offered in connection with any agreement(s) with Royalty Properties, including the names of persons or institutions where the funds are located and the amounts.

10. Documents reflecting your employees and their professional and educational backgrounds with hemp, including resumes or CVs.

11. Documents reflecting third-party certification or verifications of any of your employees' work related to hemp-growing.

12. Documents reflecting your knowledge and experience with hemp growing regulations and laws in Illinois and federally.

13. Correspondence and documents exchanged with Royalty Properties or Meryl
    Squires Canon about organic growing, certified organic, and organic
    requirements.

14. Correspondence about the Royalty Properties, LLC bankruptcy, plan of
    reorganization, or state court foreclosure proceeding.

# Exhibit 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re Royalty Properties, LLC | ) | Case No. 19-07692 |
| | ) | |
| Debtor(s) | ) | Chapter 11 |

**Affidavit of Service**

I, Brandon T. Johnson, being first duly sworn on oath deposes and states that I am twenty-one years of age or older, am not a party to this matter, and am a private investigator employed by Jack Burke & Associates, Ltd., an Illinois private detective agency (license number 117-000786.)

Jack Burk & Associates, Ltd. was retained to serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) directed to AG Green Farms, LLC at 22 W. Ontario Street, Suite 400, Chicago, IL 60654.

I personally handed one copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) to Robert "Bobby" Whalen on Friday, June 28th, 2019 at approximately 7:28 AM. Service was accomplished at the Whalen residence address located at 345 E. Wacker Dr., Unit 4603, Chicago, IL 60601. I pointed out the case caption and attorney contact information as well as the document production date. Robert "Bobby" Whalen is described as a male, Caucasian, approximately 50 years old, 5'4" tall, 190 lbs., and black hair and accepted the documents on behalf of AG Green Farms, LLC.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: 6/28/19

_____
Brandon T. Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In re Royalty Properties, LLC          )      Case No. 19-07692
                                 )
        Debtor(s)               )      Chapter 11

### Affidavit of Service

I, Brandon T. Johnson, being first duly sworn on oath deposes and states that I am twenty-one years of age or older, am not a party to this matter, and am a private investigator employed by Jack Burke & Associates, Ltd., an Illinois private detective agency (license number 117-000786.)

Jack Burk & Associates, Ltd. was retained to serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) directed to Bobby Whalen at 22 W. Ontario Street, Unit 4, Chicago, IL 60654.

I personally handed one copy of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) to Robert "Bobby" Whalen on Friday, June 28th, 2019 at approximately 7:28 AM. Service was accomplished at the Whalen residence address located at 345 E. Wacker Dr., Unit 4603, Chicago, IL 60601. I pointed out the case caption and attorney contact information as well as the document production date. Robert "Bobby" Whalen is described as a male, Caucasian, approximately 50 years old, 5'4" tall, 190 lbs., and black hair.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: 6/28/19

Brandon T. Johnson

# Exhibit 9

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: Royalty Properties, LLC,  )
           )  Case No. 19-07692
      Debtor,  )  Chapter 11

### AFFIDAVIT OF BRETT K. STARR

I, Brett K. Starr, being duly sworn under oath and state that I am a citizen of the United States and the State of Illinois, over 21 years of age, not a party to this case, and in no way interested therein and under penalty of perjury further state as follows:

1. I am Vice President of Jack Burke & Associates, Ltd. an Illinois licensed Private Detective Agency (hereinafter, "Burke").

2. I have personal knowledge of all efforts made by Burke to locate and serve the witness Walter B. Fuqua (hereinafter "Fuqua") and can testify competently thereto.

3. Burke was retained by attorney Christopher Carmichael of Henderson Parks, LLC on June 27, 2019 to locate and serve the witness Fuqua with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding.)

4. On June 27, 2019 I conducted two separate commercial database searches, deed and assessor searches, publications and social media searches, and court filing searches regarding Fuqua. I identified the defendant's date of birth and social security number, prior residential address, a cell phone number, entities, prior civil and criminal case filings, and a co-vehicle registration with Fuqua's son. However, the only current address information readily identified was P.O. Box 3505, Corrales, NM 87048.

5. On the afternoon of Friday, June 28, 2019 I phoned Fuqua on his cell phone number (505) 720-4040 and received voice mail and did not leave a message. I quickly received a text stating, "can I call you later, I'm on a call right now." I texted back identifying myself and that I was attempting to reach Fuqua to serve him personally with a subpoena for document production in a federal bankruptcy court proceeding. I then exchanged texts with Fuqua who stated that he

1

would be traveling around the country until July 19, 2019 and would not be in one location to accept service. Fuqua stated via text that he would be in the Chicago area on July 19 and would provide the name of the hotel he would be staying at when he booked same on July 18. Further, Fuqua apologized for not being able to accommodate service earlier but stated that he works on farms and was not easily accessible while traveling. Fuqua stated that it would be impossible for him to produce the documentation from clients, "without great duress on me" as said documents are in his New Mexico home which he would not return to until July 17 at which time he would be packing for his trip to Chicago. Fuqua then stated that he could be available for service on July 18 (amending his July 19 date) and then he would respond within the legally allotted time after being served. I informed him I would pass on this information to my attorney client and also that I would text him a full copy of the Subpoena to his iPhone as a courtesy, which I did and he acknowledged. Fuqua stated by text that my attorney client could call him to discuss further, but, "in now way offer to provide information until such time as when I have been served and consult with an attorney if need be."

     6.     Based on the foregoing diligent and reasonable efforts Burke will be unable to serve the defendant prior to the return date.

## FURTHER AFFIANT SAYETH NOT.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: 6-30-19

_____
Brett K. Starr

# EXHIBIT 10

## Chris Carmichael

| | |
|---|---|
| **From:** | Richard Cannon <rkcannon@cannoniplaw.com> |
| **Sent:** | Thursday, July 11, 2019 6:10 PM |
| **To:** | Victor P. Henderson; Chris Carmichael |
| **Cc:** | Little Tykes Farm; John Redfield |
| **Subject:** | In re Royalty Properties LLC: Examination of Tyke Nichols on July 16 |

Gentlemen:

I will be representing Tyke Nichols at the above-referenced deposition which you have scheduled for 10a.m on July 16. As you know, I am are scheduled to appear before Judge Brennan that same day at 9:30a.m. on your pending motion re approval of a selling officer, and if she does not dispose of the RTSC at that time, then again at 10:30a.m.

Due to the obvious time conflict, I propose that we delay the start of Mr. Nichols' depo until immediately following the completion of both matters before Judge Brennan.

**Please confirm that as being acceptable to you.**

Thank you for your anticipated cooperation.

Sincerely,

Richard Kirk Cannon, Esq.
Law Offices of Cannon & Associates
117 S. Cook Street, #361
Barrington, IL 60010
USA

Tel: 1-847-381-1600
Fax: 1-847-381-6650
www.cannoniplaw.com

**Confidentiality Statement**
**This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake, and delete this e-mail from your system. If you are not the intended recipient, you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.**

# EXHIBIT 11

# WALTER B FUQUA

505-720-4040
Walterfuqua@gmail.com

PO Box 3505
Corrales, New Mexico
87048

## Profile

Self-employed and involved in agricultural hemp cultivation in southeast Asia for over 40 years, Mr. Fuqua has vast knowledge of operational leadership skills and broad ranging skills from planting, cultivating and harvesting hemp, mining minerals, and mining reclamation techniques spanning specific skill sets that include construction, soils management, agricultural stable environmental assessment as well as biological habitat stabilization and remediation. He has also created stable habitats for controlled environments to assist the introduction of stabilized plant colonies in altered terra- scapes which includes revitalization of sterile soils and contaminated soils.

Mr. Fuqua's companies have had clients on all continents which evaluated and remediated mining zones to repair damaged soils with organic techniques that rebalanced native soils to achieve an environmentally sustainable state allowing for rapid flora and fauna recovery.

He has studied the effects of various states of mineral, water, and organic structures to create optimal absorption for agricultural regeneration and long term growth environments.

He has also designed and built self-contained environmental habitats such as Aquaponics systems designed to reestablish eco- systems in barren lands as well as built indoor cultivation habitats for agricultural purposes.

Mr. Fuqua has vast experience in utilization of naturally sourced minerals, nutrients and feeding systems including raw material conversion, microbes, aerobic and anerobic bacterias, organic nutrients and live fungi horticulture along with other plant food release mechanisms used in all parts of the world, bringing those resources together to improve cultivation, yield, and general good farming practices for organically grown crops.

## Experience

**Rocky Mountain Minerals, LLC. 2016-Present**
Owner and operator of Rocky Mountain Minerals, an organic fertilizer and nutrient company. Mr. Fuqua is an expert in organic farming techniques that emphasize organically sourced materials necessary to blend the finest materials sourced from the entire planet, into specialized fertilizers for high value crops including cannabis, mushrooms, medicinal herbs, fungi, and select extractable spices.

**Key Molecules, LLC - 2016 - Present**
Key Molecules, LLC was formed to manufacture pharmaceutical grade CBD products aimed at the health care and cosmetic industries. Our team of Ph.D

scientists develop skin care and ingestible products made from hemp and CBD related ingredients. Key Molecules manufactures consumer products for general consumption and industry specific uses such as facial care, tattoo, and other beauty products.

**High Desert Aquaponics — November 2017-Present**
Founder of High Desert Aquaponics. This company was formed to create a laboratory and research environment for Aquaponics farming techniques development in arid and high elevation environments.

**Mineral Management 1,2 — 2006-Present**
CEO of Mineral Management 1 and 2. Mr. Fuqua sources raw minerals from mines and mining vicinities for agricultural purposes. These raw minerals are processed into usable forms of nutrients for agricultural purposes.

**Consultant- 1998 - Present**
Expert consultant for agricultural ergonomic farming techniques, land utilization techniques. Mr. Fuqua collaborates with Ph.D scientists at the global level to bring best farm practices to small disadvantaged farmers. This business has allowed observation of farm and agricultural practices across the globe and to integrate those techniques in small farm operations to maximize both crop yield and conservation of resources.

**International Business Consultants 1977-1997**

As the founder and principal operator, Mr. Fuqua developed mining relations and delivered high quality minerals directly to growers and large farming operations throughout Southeast Asia. We concentrated our product lines along the organic pathways and discovered ways to chelate minerals for immediate bioavailability.

Upon returning to the USA, Mr. Fuqua set out to build a source of minerals similar to the mineral sets used in agriculture in SE Asia

Education

University of New Mexico
Central New Mexico University -  Chemistry
University of Puerto Rico- Agriculture

Skills

A lifelong self-employed corporate level entrepreneur, Mr. Fuqua has substantial experience in start up operations and extensive management experience in emerging market development opportunities. His global level experiences have allowed him to source materials, techniques, and best practices from many types of conditions and environments. Decades long observation of means and methodology from every corner of the globe has given him a unique understanding of global challenges as well as solutions to agricultural aspects of farming

techniques and learned practices by both small and large scale farming operations, including without limitation the plating, cultivating and harvesting of cannabis plants for CBD oil and seeds.

References

Dr. John Remo, Ph.D physics Harvard University

Dr, Monica Alfaro Ph.D. Micro biology , University of Puerto Rico

Dr. Laura Lopez Ph.D. Analytical Chemistry, University of Puerto Rico

Dr. Raul Hinojosa Ph.D , center for Latin American studies, UCLA

Ben Romero, CEO Future Farms, LLC

D Roy Serventi, Mirimar Holdings , LLC

# EXHIBIT 12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re ROYALTY PROPERTIES, LLC       )
      )       Case No.: 19-07692
      )
        Debtor       )       Chapter 11
      )
      )

### AFFIDAVIT OF EXPERT WALTER FUQUA

I Walter Fuqua, first being duly sworn under oath, do hereby swear and affirm that I have personal knowledge of the following facts stated herein, and if called upon to testify in this matter, I could and would competently testify thereto, and do testify as follows:

1. I have been involved in both the agronomy, plant husbandry, crop management practices of cultivating all strains of hemp for the past forty years. My experience comes from both a mining background and agricultural background. Having been exposed to the Cannabis Sativa L. strains in Southeast Asia since the late 1970's, I have experience in cultivation in many diverse growing regions and climate zones around Asia, Australia and Mexico. My experience with the hemp plant extends to indoor cultivation including Hydroponic, Aquaponics and Dual Root Zone methods.

2. I have cultivated from Seed, Clone, and Tissue Culture specimens. My broad experience has afforded me the opportunity to start a consulting business in the United States where knowledge of the Cannabis species is academically void and virtually non-existent in the learning institutions, and therefore is nonexistent with the exception of sparse programs allowed under federal guidance programs due to the previous class status of Sativa as a schedule 1 drug.

3. The lack of knowledge within the American agriculture community with this particular strain of plants has left a void for common cultivating practices used elsewhere around the world where hemp has been legal. The need for a transfer of "hemp" knowledge is in high demand, from those considered 'knowledgeable", to teach both farmers and academic scholars, the trade and the farming practices, now that Sativa strains containing less than 0.3% THC have recently been legally classified as "Industrial Hemp" and can be grown across the USA.

4. It is these circumstances from which I conclude that no "individual" in academia, nor experienced farmers, who have never been exposed to multiple successful cannabis cultivations (due to federal restrictions barring public institutions and private citizens from practicing, studying or otherwise cultivating on any scale), has sufficient reliable knowledge to provide expert opinions regarding the cultivation of cannabis in the United States.



5. In those states which permit cultivation of cannabis strains that contain large amounts of THC, the laws are regulated through Medical and Recreational provisions. However, no institution including colleges or universities has been allowed to teach or otherwise conduct any related commercial scale operations. In fact, until the 2014 Farm Bill provided universities the ability to partner with private entrepreneurs to grow for "research purposes", industrial hemp was not even on the radar of academic institutions as a potential subject for studies.

6. As a result, not much momentum was gained during the last 5 years whereby those institutions could acquire any meaningful data that could create a base for a learning curriculum. In fact, there are many documented cases whereby certain universities permitted their Agriculture departments to "study" hemp and those programs resulted in poor crop performance, crop failure and low producing yields when such trials were conducted as experimental crops and without the assistance of existing "growers" of cannabis who were then considered outlaws. The affidavit and testimony of Professor Phippin is one example of academic failed-cultivation-attempts with little to no actual experience in resolving remediable issues, thus providing little to no practical or reliable conclusions regarding the methods for cultivation of hemp for CBD oil and/or multiple-generation seeds. While I respect Professor Phippin's academic background, I do not agree with the conclusions he reached and opinions he offered in testimony in this case, and will expound further upon the reasons therefor if I am called upon to testify. For instance, in ¶10 of his second affidavit, he fails to distinguish between industrial hemp seed for fiber which sells at $3 per pound (yielding just $1200 per acre) from seed for growing CBD hemp **which I sell at $12,000 per pound** (the same seed being grown on Royalty Properties, LLC land).

7. The absence of "knowledgeable" growers from academic experiments conducted by university personnel was evident in the poor results documented in many university trials after the 2014 Farm Bill was enacted. As a result, indoor cultivation techniques were applied to outdoor grows with miserable results. Indoor growing techniques include growing from Clones, Tissue cultures and seedlings. While all of these methods work in controlled environments, they have definite and definable failures when applied to any outdoor commercial scale farming operation. For example, with Clones and seedlings that are initially grown in contained soil, those containers restrict normal growth of roots such that they "fill" the container horizontally but do not develop a deep vertical tap root, thus making them vulnerable to wind knocking them down in the fields - as experienced by Professor Phippin's small cultivation experiments. An example is, for anyone familiar with pulling weeds from their garden, the normal long thick tap root that grows deep into the soil which makes them difficult to remove (and, hence, protects the plant from being knocked down by the wind).

8. Decades of knowledge have been accumulated in countries that have vibrant hemp industries, while honing the best methods and procedures in growing, harvesting and protecting the integrity of the crops. It is hard to believe that someone without any knowledge of the hemp industry as it exists in other countries, where the industry thrives and functions, could possibly ascertain that hemp cultivation is not viable in any particular region of the U.S., particularly when their conclusion comes from failures or observational failures of those persons who have attempted to cultivate hemp without knowledge or suitable assistance from those who have a base of experience with the plant in both indoor and outdoor environments.

9. The industry is vibrant in many countries throughout the globe and there is little doubt in my mind that the hemp industry will thrive in America and that any challenges will be overcome through application of the lessons learned by the industry abroad, by American innovation and by the free market forces.

10. It should be noted that while many farming principals and plant husbandry methods apply to cultivating hemp, Cannabis Sativa l. is no longer a simple strain and in fact, complex cultivation procedures and fertilization regimens can vastly determine the crop value and yield.

11. I would hesitate to say that an Agronomist or Horticulturist, or an academic in those fields, feels comfortable cultivating hemp without assistance of a knowledgeable person to advise. As a consultant to farmers who are desirous to converting their crops to hemp, I have several customers who <u>are</u> Agronomists and Horticulturists, and who have employed me to assist in their first grow of hemp.

12. As of the date of this Affidavit, I have hemp-cultivation clients in seventeen states and their acreage exceeds 30,000 acres. In Illinois alone, I consult to 8 farmers and we have over 1,000 acres of Sativa hemp planted and successfully growing in the open fields. I expect to contract to plant significantly more acres of industrial fiber hemp in Illinois by July 7th.

13. It is in my professional opinion that the ground located on the lands of Royalty Properties, LLC, owned and managed by Meryl Squires-Cannon and Richard Kirk Cannon in Barrington Hills, IL, is particularly well suited for hemp cultivation, and therefore I have engaged in a consulting contract to assist in cultivation of 100 acres of Sativa hemp on that land. While it is currently undergoing organic certification, such certification is not required for obtaining a marketable crop. The land has been planted with a strain of seed of predictably high quality and yield.

14. I am familiar with the strain of CBD seed planted on the property because I was the master consultant on the farm where the seed came from. As a result, I'm confident that the crop will produce a viable, legal and valuable yield this fall. Market demand for Sativa hemp plants and seeds is healthy and increasing, particularly for predictable quality multi-generational seeds as have been planted on the Royalty Properties, LLC farm. Since my compensation is derived from a participation in the yield of the crop, I am diligent in my analysis of which farmland I choose to work upon, and therefore I only devote my attention and time to a farm and crop that has **a very high likelihood of success**. The acres and seeds planted by Royalty Properties, LLC is such a farm, with a _conservative_ expected crop yield of more than 100 pounds seed per acre at $12,000 per pound, for a total of $1,200,000+ gross revenue per acre.

Pursuant to 28 U.S.C. Section 1746, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on June 24, 2019.

_Walter Fuqua_
Walter Fuqua

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re ROYALTY PROPERTIES, LLC      )
                                 )      Case No.: 19-07692
                                 )
         Debtor                  )      Chapter 11
                                 )

## AFFIDAVIT OF EXPERT WALTER FUQUA

I Walter Fuqua, first being duly sworn under oath, do hereby swear and affirm that I have personal knowledge of the following facts stated herein, and if called upon to testify in this matter, I could and would competently testify thereto, and do testify as follows:

1. I have been involved in both the agronomy, plant husbandry, crop management practices of cultivating all strains of hemp for the past forty years. My experience comes from both a mining background and agricultural background. Having been exposed to the Cannabis Sativa L. strains in Southeast Asia since the late 1970's, I have experience in cultivation in many diverse growing regions and climate zones around Asia, Australia and Mexico. My experience with the hemp plant extends to indoor cultivation including Hydroponic, Aquaponics and Dual Root Zone methods.

2. I have cultivated from Seed, Clone, and Tissue Culture specimens. My broad experience has afforded me the opportunity to start a consulting business in the United States where knowledge of the Cannabis species is academically void and virtually non-existent in the learning institutions, and therefore is nonexistent with the exception of sparse programs allowed under federal guidance programs due to the previous class status of Sativa as a schedule 1 drug.

3. As of the date of this Affidavit, I have hemp-cultivation clients in seventeen states and their acreage exceeds 30,000 acres. In Illinois alone, I consult to 8 farmers and we have over 1,000 acres of Sativa hemp planted and successfully growing in the open fields. I expect to contract to plant significantly more acres of industrial fiber hemp in Illinois by July 7th.

4. It is in my professional opinion that the ground located on the lands of Royalty Properties, LLC, owned and managed by Meryl Squires-Cannon and Richard Kirk Cannon in Barrington Hills, IL, is particularly well suited for hemp cultivation, and therefore I have engaged in a consulting contract to assist in cultivation of 100 acres of Sativa hemp on that land. While it is currently undergoing organic certification, such certification is not required for obtaining a marketable crop. The land has been planted with a strain of seed of predictably high quality and yield.



EXHIBIT
3
Blumberg No. 5119

5.  I am familiar with the strain of CBD seed planted on the property because I was the master consultant on the farm where the seed came from. As a result, I'm confident that, if properly inspected and cared for on a daily basis (as set forth below), the crop will produce a viable, legal and valuable yield this fall. Market demand for Sativa hemp plants and seeds is healthy and increasing, particularly for predictable quality multi-generational seeds as have been planted on the Royalty Properties, LLC farm. Since my compensation is derived from a participation in the yield of the crop, I am diligent in my analysis of which farmland I choose to work upon, and therefore I only devote my attention and time to a farm and crop that has a very high likelihood of success. The acres and seeds planted by Royalty Properties, LLC is such a farm, with a conservative expected crop yield of more than 100 pounds seed per acre at $12,000 per pound, for a total of $1,200,000+ gross revenue per acre.

6.  The cultivation of CBD Industrial Hemp is a crop that requires specialized treatment and plant care during the entire growing season. The work necessary to keep the plant healthy and free from pest infestation, mold and mildew remediation and weed control in an outdoor setting is much more critical due to outdoor environmental factors not present in indoor or greenhouse operations.

7.  Daily care and maintenance is important because various procedures and treatments of the crop may be required based on observations that necessitate daily inspections. As just one example, pest or mold problems can manifest to damage the crop if left unattended for even short periods of time. For these reasons, it is recommended and necessary for the following to occur on a daily basis:

    a.  Close plant/leaf inspection for bug, mold or mildew infestation

    b.  Close inspection for root disease symptoms and Nematodes

    c.  Close plant maintenance for pruning and trimming unhealthy stems

    d.  Close plant inspection for blight

    e.  Close plant inspection for undergrowth (e.g. weeds that could choke hemp roots)

    f.  Protection from thievery and vandalism

    g.  Application of weekly nutrents

    h.  Application of foliar nutrients

    i.  Pre harvest pruning and shaping

    j.  Pollenating manually in certain areas of the field as may be necessary

    k.  General crop maintenance until harvest time (including pesticide and herbicide treatments where required)

    l.  Sample collection for THC compliance testing on a weekly basis (and daily basis near harvest time)

8. The success of the crop as well as the yield can be directly associated with the amount or absence of care during the growing season.

9. Any long periods of time between the inspections, care and maintenance described above can materially affect the outcome of the crop in an adverse manner. Based upon my many years of experience, it is my professional opinion that the farmer should be permitted to remain in control of the daily operations required to properly inspect and cultivate the hemp crop with the anticipation of harvesting a very valuable crop both in quality and higher yield.

Pursuant to 28 U.S.C. Section 1746, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on July 1, 2019.

Walter Fuqua